## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARLETOS ELROY HARDAMON**,

**Petitioner,**

**v.**                                                    **No. 14-0043-DRH**

**UNITED STATES OF AMERICA,**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Carletos Elroy Hardamon's January 13, 2014 28 U.S.C. § 2255 petition (Doc. 1).   This is not Hardamon's first § 2255 petition. On August 11, 2000, Hardamon filed a § 2255 petition.   *See Hardamon v. Charles Gilkey*, 00-0628-MJR (Doc. 1).   On July 11, 2001, District Judge Michael J. Reagan denied Hardamon's petition and judgment was entered. Id. at Docs. 10 & 11.   Thereafter, Hardamon appealed to the Seventh Circuit Court of Appeals.   *Id.* at 13.   On April 9, 2003, the Seventh Circuit issued its Mandate affirming District Judge Reagan's decision.   *Id.* at Doc. 20.

Because Hardamon previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court

*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton*, 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Hardamon states the following:

> "applied to the Court of Appeals for the Seventh Circuit for authorization to file a successive motion under 28 U.S.C. § 2255.   In this application, he averred that the Supreme Court's finding in Alleyne v. United States, 133 S.Ct. 2151, 186 L.Ed.2d 828 (June 17, 2013), that any fact increasing the mandatory minimum for an offense must be proved beyond a reasonable doubt to a jury, should apply to his case.   The Court of Appeals found that the Supreme Court had not made Alleyne retroactive and therefore dismissed his application on July 16, 2013 without prejudice to renewal should the Supreme Court make Alleyne retroactive."

(Doc. 1-1 ps. 3-4).   Obviously, this does not constitute authorization from the Seventh Circuit Court of Appeals.   The Court notes that *Alleyne* has not been made retroactive by the Supreme Court and does not apply retroactively on collateral review. *See Simpspn v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).   Further, this Court cannot provide Harmadon with the authorization to proceed with this 2255 petition.   Thus, the Court **DISMISSES** for lack of subject matter jurisdiction Harmadon's petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Hardamon's 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability.

 **IT IS SO ORDERED.**

Signed this 14th day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.14
13:15:02 -06'00'

**Chief Judge**
**United States District Court**